IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BARRY G. THOMPSON,

    Plaintiff,

v.                                    Case No.:  3:13-cv-01897

WEST VIRGINIA REGIONAL JAIL/
CORRECTIONAL AUTHORITY, et al;
WESTERN REGIONAL JAIL FACILITY, et al;
MICHAEL CLARK; SERGEANT LAMBERT;
CORRECTIONAL OFFICER VANMETER;
CORRECTIONAL OFFICER GOODWIN;
and OTHER UNKNOWN CORRECTION
OFFICERS;

    Defendants.

### ORDER DENYING MOTION TO CONSOLIDATE

Pending before the Court is Plaintiff's Motion to Consolidate. (ECF No. 6). In the motion, Plaintiff asks that his civil action be joined with an action filed by William E. Smith, another former inmate at the Western Regional Jail.[1] In support of the motion, Plaintiff claims that the subject matter of the two actions is similar and the defendants are the same. For the reasons that follow, the Court **DENIES** the motion.

On December 11, 2012, William E. Smith, then an inmate at the Western Regional Jail, filed an Amended Complaint alleging that on October 20 and 21, 2012 three correctional officers—Berlin, Blankenship, and Marcum—physically assaulted him while other correctional officers facilitated and encouraged the abuse. On December 28, 2012, Plaintiff Barry Thompson filed a supporting affidavit in Smith's case, asserting that he

---

[1] William E. Smith has not made a similar motion to consolidate.

too had been the subject of verbal and physical abuse at the Western Regional Jail.

On February 1, 2013, Plaintiff filed this action. At a status conference held on April 16, 2013, Plaintiff identified two correctional officers—Goodwin and Vanmeter—as the primary perpetrators of the abuse against him, which allegedly occurred on November 15, 2012.

Since the filing of their respective complaints, both Smith and Plaintiff have left the Western Regional Jail. Smith is now incarcerated in Ohio and Plaintiff has been released. Both Smith and Plaintiff are proceeding *pro se*. Each civil action has its own scheduling order and the parties have been conducting discovery individually.

Federal Rule of Civil Procedure 42(a) allows the court to consolidate actions that involve a common question of law or fact. Consolidation is left to the broad discretion of the court, as it is in a superior position to determine "how best to structure similar pieces of litigation." *Gilco v. Hunter,* Case No. 2:11-cv-0032, 2011 WL 3882816 (S.D.W.Va. Sept. 2, 2011) (citing *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.,* 559 F.2d 928, 933 (4th Cir. 1977)). When determining whether consolidation is appropriate, the court should consider:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir. 1982).

In this case, the risks of prejudice and possible confusion are not overborne by the risk of inconsistent adjudications. While some overlap is present in the cases and the claims are similar, the alleged abusive events occurred on different days and involved

different primary perpetrators. Equally as important, the benefits that could be gained by consolidating the cases for discovery are not likely to occur given that the cases are at different stages of discovery, the Plaintiff and Smith have limited contact, their ability to coordinate discovery is impeded by Smith's incarceration in another State, and each alleged instance of abuse will require discovery of its own. Consolidating the cases for pretrial development would likely create delays and would not significantly reduce the burdens of discovery. Indeed, the Plaintiff is not precluded from sharing the fruits of his discovery with Smith, or vice versa, but consolidation of the actions would serve no practical purpose at this time.

      The Clerk is instructed to provide a copy of this order to counsel of record and any unrepresented party.

**ENTERED:** June 3, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge