IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**BARRY G. THOMPSON,**

    **Plaintiff,**

v.                                            Case No.: 3:13-cv-01897

**WEST VIRGINIA REGIONAL JAIL/
CORRECTIONAL AUTHORITY, et al;
WESTERN REGIONAL JAIL FACILITY, et al;
MICHAEL CLARK; SERGEANT LAMBERT;
CORRECTIONAL OFFICER VANMETER;
CORRECTIONAL OFFICER GOODWIN;
and OTHER UNKNOWN CORRECTION
OFFICERS;**

    **Defendants.**

### **PROPOSED FINDINGS AND RECOMMENDATION**

On February 1, 2013, Plaintiff Barry Thompson ("Thompson"), proceeding *pro se* and then incarcerated at the Western Regional Jail in Barboursville, West Virginia, filed a complaint under 42 U.S.C. § 1983, alleging that he had been the victim of physical and verbal abuse at the Jail and requesting declaratory and injunctive relief, as well as money damages. (ECF No. 2). Since the filing of the complaint, Thompson has been released from custody. This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4).

1

Pending before the Court are the Motion to Dismiss on Behalf of Defendants, West Virginia Regional Jail & Correctional Facility Authority ("the Authority") and the Western Regional Jail ("WRJ"), (ECF No. 18), the Amended Motion to Dismiss on Behalf of these Defendants, (ECF No. 26), and Plaintiff's Motion in Opposition of the Motion to Dismiss. (ECF No. 24). Defendants seek an order of dismissal on the basis that they are arms of the State and therefore not subject to suit. Plaintiff opposes dismissal on the ground that the complaint states claims against the Authority and the WRJ in "their individual capacity under supervisory liability for injunctive and declaratory relief only." (ECF No. 24 at 3). The parties have fully briefed the relevant issues, and there is no need for oral argument. Having thoroughly considered the motions, the undersigned **FINDS** that the Defendants are entitled to the relief they seek. Therefore, the undersigned **RECOMMENDS** that the presiding District Judge **GRANT** the Defendants' motions to dismiss; **DENY** Thompson's motion in opposition, **DISMISS** the complaint, with prejudice, against the Authority and the WRJ, and remove them from the style of the case.

I. <u>**Standard of Review**</u>

The Authority and WRJ have filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). A motion under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the dispute, *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982),while a motion under Rule 12(b)(6) tests the sufficiency of the complaint to state a claim. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). As a basis for dismissal, Defendants contend that they are immune from suit under the

Eleventh Amendment to the United States Constitution.

A Rule 12(b)(1) motion can be presented in two ways. First, the movant may claim that the jurisdictional allegations of the complaint are not true. *Adams,* 697 F.2d at 1219. In that case, the court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside of the pleadings without converting the proceeding to one for summary judgment. *Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams,* 697 F.2d at 1219). Second, the movant may contend, as Defendants have done here, that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams,* 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords plaintiff the same procedural protection he would receive under Rule 12(b)(6). *Id.* The burden of proving that the court has subject matter jurisdiction rests with the plaintiff as he is the party asserting it. *Johnson v. North Carolina,* ___F.Supp.2d___, 2012 WL 5024039, at *4 (W.D.N.C. Oct. 17, 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

Rule 12(b)(6) permits the district court to dismiss a complaint that fails to state a claim upon which relief may be granted. A complaint fails to state a compensable claim when, viewing the well-pleaded factual allegations as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp,* 550 U.S. at 570; *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

3

"Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679. Courts are required to liberally construe *pro se* complaints, such as the one filed in this action. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). A Rule 12(b)(6) motion should be granted only '"where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.'" *Hartmann v. Calif. Dept. of Corr. & Rehab.,* 707 F.3d 1114, 1122 (9th Cir.2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1102 (9th Cir.2008)).

"The Fourth Circuit has not resolved whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or 12(b)(6)." *Haley v. Virginia Dept. of Health*, Case No. 4:12-cv-0016, 2012 WL 5494306, at *2 n.2 (W.D.Va. Nov. 13, 2012) (citing *Andrews v. Daw,* 201 F.3d 521, 525, n.2 (4th Cir. 2000)). "The recent trend, however, appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)." *Id.; See also Johnson,* 2012 WL 5024039, at *4 (W.D.N.C. Oct. 17, 2012) (collecting cases). Whether Eleventh Amendment immunity should be evaluated under Rule 12(b)(1) or 12(b)(6) is a distinction without a difference

4

in this case given that the Court has relied solely on the pleadings in resolving the issue, having construed them in the light most favorable to Thompson. *Beckham v. Nat'l. R.R. Passenger Corp.,* 569 F.Supp.2d 542, 547 (D.Md. 2008).

## II. <u>Discussion</u>

The Eleventh Amendment to the United States Constitution provides, in relevant part, that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment refers only to suits by citizens of other states, the Supreme Court of the United States has construed the Amendment to "establish that 'an unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another state." *Port. Auth. Trans-Hudson Corp. v. Feeney,* 495 U.S. 299, 304 (2009) (quoting *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984)). The immunity created by the Amendment protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *Taylor v. Ozmint,* Case No. 0:10-50- HMH-PJG, 2011 WL 286133, at *2 (D.S.C. Jan. 7, 2011) (citing *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 78, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *See also Regents of the Univ. of California v. Doe,* 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1977) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities").

As a threshold issue, the undersigned must determine whether the Authority and the WRJ are arms of the State protected by its Eleventh Amendment immunity. In

5

*Roach v. Burch,* the United States District Court for the Northern District of West Virginia conclusively resolved this issue. 825 F.Supp. 116, 118 (N.D.W.Va. 1993). Using generally accepted factors to assess whether the Authority was "an arm" or "alter ego" of the State, the District Court found that the Authority was, "in effect, the State" and thus enjoyed "the Constitutional immunity of the Eleventh Amendment." *Id.* Similarly, the WRJ, which is a subdivision of the Authority and part of the West Virginia prison system, is also entitled to immunity from suit in federal court. *See* West Virginia Code § 30-20-1a, et seq*; Meadows v. Huttonsville Correctional Center,* 793 F.Supp. 684, 686 (N.D.W.Va. 1992); *see also Mora v. Westville Correctional Facility,* Case No. 3:07-cv-259, 2008 WL 2906761, at *2 (N.D. Ind. July 24, 2008).

Three narrow exceptions to Eleventh Amendment immunity exist. *Lee-Thomas v. Prince George's County Public Schools,* 666 F.3d 244, 248-49 (4th Cir. 2012). First, the State may waive its right to immunity and consent to suit. *Lapides v. Bd. of Regents Univ. Sys. of Ga.,* 535 U.S. 613, 618, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002). Such a waiver must be express; an "'unequivocal' statement of the state's intention to subject itself to suit in *federal* court." *See Regueno v. Erwin*, Case No. 2:13-cv-815, 2013 WL 1837881, at *3 (S.D.W.Va. May 01, 2013) (quoting *Westinghouse Elec. Corp. v. W. Va. Dept. of Highways,* 845 F.2d 468, 470–71 (4th Cir. 1988)). Defendants argue that West Virginia has not waived its Eleventh Amendment immunity, a position that is consistent with legal precedent. *Meadows,* 793 F.Supp. at 686; *see also Fridley v. West Virginia Dept. of Corrections,* Case No. 3:08-cv-111, 2009 WL 1097529, at *2 (Apr. 22, 2009). Plaintiff does not dispute the accuracy of this assertion. Consequently, this exception does not apply.

Second, "Congress may abrogate the States' Eleventh Amendment immunity

6

when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" *Bd. of Trustees of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) (quoting *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000)). The Supreme Court of the United States has definitively answered the question of whether Congress intended to abrogate a State's immunity against suits brought under 42 U.S.C. § 1983. In *Will v. Michigan Department of State Police,* the Supreme Court analyzed the statute and concluded that Congress did not have the States in mind as potential defendants when it imposed liability on "persons" under § 1983. *Will,* 491 U.S. at 65. Noting that ordinary rules of statutory construction required Congress to make any alteration of the "usual constitutional balance between the States and the Federal Government ... unmistakably clear in the language of the statute," the Supreme Court observed that had Congress intended to include States as "persons," it would have explicitly done so. *Id.* at 65 (citing *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 242, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985)). Reaffirming this decision two years later, the Supreme Court explained that "interpreting the words '[e]very person' to exclude the States accorded with the most natural reading of the law, with its legislative history, and with the rule that Congress must clearly state its intention to alter 'the federal balance' when it seeks to do so." *Hafer v. Melo,* 502 U.S. 21, 26, 112 S.Ct. 358, 116 L.Ed.2d 601 (1991) (quoting *Will,* 491 U.S. at 65). Therefore, the law is well-settled that Congress has not abrogated Eleventh Amendment immunity in the context of a § 1983 action. *See Quern v. Jordan,* 440 U.S. 332, 340, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

    As to the third and final exception, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law."

*Frew ex rel. Frew v. Hawkins,* 540 U.S. 431, 437, 124 S.Ct. 899, 157 L.Ed.2d 855 (2004) (citing *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). "The *Ex Parte Young* exception is directed at 'officers of the state [who] are clothed with some duty in regard to the enforcement of the laws of the state, *and* who threaten and are about to commence proceedings'" to enforce an unconstitutional act against affected parties. *McBurney v. Cuccinelli, II,* 616 F.3d 393, 399 (4th Cir. 2010) (citing *Ex Parte Young, 209* U.S. at 155-156). The state officer being sued must have "proximity to and responsibility for the challenged state action" before the exception can be invoked. *Id.* Moreover, the exception "applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy,* 506 U.S. 139, 146, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993) (internal citations omitted). Here, Thompson has sued the Authority and the WRJ, not an official authorized with carrying out an alleged unconstitutional policy or procedure. As a result, Thompson's complaint against the Authority and the WRJ cannot proceed as filed. *Lee-Thomas,* 666 F.3d at 249 (the lawsuit must name as a defendant a state official, not a state agency); *see also Thomas v. Nakatani,* 309 F.3d 1203, 1208 (9th Cir. 2002) (*"Ex Parte Young* doctrine creates a fiction by allowing a person to enjoin future state action by suing a state official for prospective injunctive relief rather than the state itself. Even so, the Supreme Court has emphasized the importance of respecting this fiction").

Allowing Thompson to amend his complaint and substitute an appropriate official in place of the Authority and the WRJ, however, would not effectively correct the deficiencies of his claims against them. In light of his release from custody, Thompson's

claims for injunctive and declaratory relief are moot. "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983). "The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (quoting *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980)). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

"[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse,* 569 F.3d 182, 186 (4th Cir. 2009). "The reasons for finding mootness in such a context are clear. Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007). Moreover, "[a]ny declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted." *Id.*

Nevertheless, a prisoner's claim should not be dismissed as moot if there is

9

sufficient evidence to conclude that the action is "capable of repetition, yet evading review." *Southern Pac. Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911). Under this exception, a claim that would otherwise be moot may be subject to judicial review if the facts of the case lead to a reasonable expectation that the same complaining party would be subjected to the same action again. *See Federal Election Com'n v. Wis. Right to Life*, 551 U.S. 449, 462, 127 S.Ct. 2652, 168 L.Ed.2d 329 (2007) ("capable of repetition" exception requires demonstrated probability that the same controversy will recur involving the same plaintiff). Mere conjecture that the prisoner may return to the correctional facility and again face the alleged wrong is not sufficient to meet the mootness exception. *Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir. 1996).

In this case, Thompson is no longer in the custody of the WRJ or the Authority. In addition, no evidence exists upon which to surmise a "reasonable probability" that Thompson will return to the WRJ. Consequently, the undersigned **FINDS** that (1) the Authority and the WRJ are entitled to Eleventh Amendment immunity from suit; (2) Thompson's release from custody renders his claims for injunctive and declaratory relief moot and (3) the current circumstances do not suggest that Thompson's claim is "capable of repetition, but evading review."

### III. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the findings herein and **RECOMMENDS** that:

> 1. The Motion to Dismiss on Behalf of Defendants, West Virginia Regional Jail & Correctional Facility Authority and the Western Regional Jail, (ECF No. 18), and the Amended Motion to Dismiss on Behalf of the Defendants, (ECF No. 26), be **GRANTED;**

2. Plaintiff's Motion in Opposition to the Defendants' Motion, (ECF No. 24), be **DENIED**;

3. Plaintiff's complaint be **DISMISSED, with prejudice,** against the West Virginia Regional Jail & Correctional Facility Authority and the Western Regional Jail, but continue to pend against the remaining defendants; and

4. The West Virginia Regional Jail & Correctional Facility Authority and the Western Regional Jail be removed as defendants from the style of this civil action.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendants, counsel of record, and any unrepresented party.

**FILED:** June 7, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge