IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**BARRY G. THOMPSON,**

    **Plaintiff,**

v.                                          Case No.:  3:13-cv-01897

**MICHAEL CLARK; SERGEANT LAMBERT;
CORRECTIONAL OFFICER VANMETER;
CORRECTIONAL OFFICER GOODWIN;
and OTHER UNKNOWN CORRECTION
OFFICERS;**

    **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

On February 1, 2013, Plaintiff Barry Thompson ("Thompson"), proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, alleging that while he was incarcerated at the Western Regional Jail in Barboursville, West Virginia, he was the victim of a severe beating at the hands of correctional officers. (ECF No. 2). Thompson requested money damages from the officers, some of whom he could not identify.

The undersigned conducted an initial status conference on April 16, 2013, during which Thompson provided additional information regarding the identities of certain correctional officers that he claimed participated in the alleged beating or were responsible under a theory of supervisory liability. (ECF Nos. 25, 32 at 1). Thompson orally requested that his complaint be amended to add Sergeant Lambert and Officer Goodwin as defendants, which motion the undersigned granted. (ECF No. 32 at 1).

On May 10, 2013, Sergeant Lambert filed a Motion to Dismiss. (ECF No. 41). On

1

May 21, 2013, Officer Goodwin also filed a Motion to Dismiss. (ECF No. 43). Both motions state the same ground for dismissal; that being, that the complaint should be dismissed against Defendants Lambert and Goodwin, because they have been sued only in their official capacities. According to Defendants, a suit against a State official in his or her official capacity is not a suit against the individual, but is a suit against the State. Because a State is not a "person" subject to suit under 42 U.S.C. § 1983, Thompson cannot maintain an action for money damages against Defendants Lambert and Goodwin in their official capacities. (ECF Nos. 41, 43).

While Defendants' statement of the law is generally correct, they are mistaken about the underlying facts. In his complaint, Thompson explicitly requested money damages from "each individual" correctional officer involved in the beating "in their [*sic*] personal capacity." (ECF No. 2 at 7). In a memorandum of law filed in support of his complaint, Thompson explained that Officer Goodwin violated his civil rights by using unnecessary force against him in a malicious and sadistic manner. (ECF No. 25 at 4-6). Thompson further stated that Sergeant Lambert knew or learned that certain correctional officers had a practice of beating inmates, but he did nothing to investigate the practice or stop it. (*Id.*). Neither of these allegations implicates Goodwin or Lambert in his official capacity. To the contrary, Thompson clearly seeks to hold Goodwin and Lambert personally liable for the beating he allegedly suffered at the Western Regional Jail.

If Thompson had not specifically requested money damages from the individual defendants, the undersigned still would construe the complaint to assert personal capacity claims. The determination of whether a defendant has been named in his official or personal capacity is generally made by examining the face of the complaint.

*Amos v. Maryland Dep't of Pub. Safety & Corr. Servs.,* 126 F.3d 589, 609 (4th Cir. 1997), *vacated on other grounds by* 524 U.S. 935, 118 S.Ct. 2339, 141 L.Ed.2d 710 (1998). "[W]hen a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." *Biggs v. Meadows,* 66 F.3d 56, 61 (4th Cir. 1995). One factor suggesting that the plaintiff intended to sue the official in his or her personal capacity is "plaintiff's failure to allege that the defendant acted in accordance with a governmental policy or custom, or the lack of indicia of such a policy or custom on the face of the complaint." *Id.* (collecting cases). Here, Thompson's pleadings do not allege that Lambert and Goodwin were acting in accordance with an official governmental policy or custom. Instead, Thompson claims that they either participated in or permitted the "clandestine" punishment of prisoners in a manner designed to by-pass official disciplinary procedures. (ECF No. 25 at 5). Thus, the undersigned **FINDS** that the substance of Thompson's complaint is plainly consistent with a § 1983 action against state actors in their personal, rather than official, capacities.

## Proposal and Recommendation

For the foregoing reasons, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the findings herein and **RECOMMENDS** that the District Judge **DENY** the pending motions to dismiss of Sergeant Lambert and Officer Goodwin. (ECF Nos. 41 and 43).

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, The parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendants, counsel of record, and any unrepresented party.

**FILED:** December 11, 2013.

Cheryl A. Eifert
United States Magistrate Judge